[Civ. No. 22222.   First Dist., Div. Three.   Oct. 20, 1965.]

CALIFORNIA STATE EMPLOYEES ASSOCIATION, Plaintiff and Appellant, v. TRUSTEES OF THE CALIFORNIA STATE COLLEGES et al., Defendants and Respondents.

Richard H. Perry for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Palmer and Richard L. Mayers, Deputy Attorneys General, Crimmins, Kent, Bradley & Burns and Robert E. Burns for Defendants and Respondents.

Hall, Henry, Oliver & McReavy and James L. Tipton as Amici Curiae on behalf of Defendants and Respondents.

DEVINE, J.—This is a companion case to *California State Employees Assn.* v. *Trustees of the California State Colleges, ante,* p. 530 [47 Cal.Rptr. 73] this day decided. This one presents the questions: (1) May the Trustees of the California State Colleges engage architects to design state college buildings and to serve as consultants in planning campuses, other than architects who are civil service employees? (2) If question (1) be answered "yes," may the independent architects be retained without a factual determination in each case that the contract is essential because the existing civil service

agency cannot perform the services and that, therefore, the public interest would suffer?

In the superior court, where judgment of dismissal was made after sustaining of demurrer without leave to amend the complaint, appellant was willing to rest its case on the point which appellant made in the companion case, namely, that employees of state colleges are not exempt from civil service. On appeal, appellant contends that the independent architects are *not* employees of the state colleges and, therefore, are not entitled to the exemption contained in article XXIV, section 4, subdivision (a)(8) of the Constitution of California, even if it be determined that employees of the colleges are exempt.

It has been decided, in the companion case, that persons employed by the state colleges are exempt from civil service because the state colleges are the statutory successors of the normal schools and state teachers colleges.

We hold that the independent architects are "persons employed by" the state colleges within the meaning of the constitutional exemption. The fact that they may be independent contractors for certain purposes is not of controlling importance. Although independent contractors, the architects are persons employed by the institutions. This principle has been held in cases applying it conversely to the application made here. In *State Comp. Ins. Fund* v. *Riley,* 9 Cal.2d 126 [69 P.2d 985, 111 A.L.R. 1503], and *Stockburger* v. *Riley,* 21 Cal.App.2d 165 [68 P.2d 741], there had been an attempt to escape the requirement of civil service in employments which were not among the 14 (now 16) exemptions, by the process of dealing with the persons engaged to perform work which presumably could have been done by civil service employees, as independent contractors. The attempted distinction between employment and independent contract was unavailing. We believe it to be equally ineffective when it is essayed in reverse form. In each of the cited cases, it was pointed out that the employees of the hiring department were not among the constitutionally exempt 14 (then) classes. (*State Comp. Ins. Fund* v. *Riley, supra,* pp. 133, 134; *Stockburger* v. *Riley, supra,* p. 168.) In this case, the persons employed, the architects, are within the exempted class because they are employed by the state colleges.

That the employment is done by the state colleges by their trustees is plain. Full power and responsibility in the construction and development of any state college campus and

any buildings or other facilities connected with the State College System is given to the trustees as successors to the State Board of Education and the Director of Education in management, administration and control of the colleges. (Ed. Code, § 22604.) The trustees are empowered to enter into agreements with any person for the furnishing of services, facilities, materials and equipment. (Ed. Code, § 23608.)

A complete procedure for letting of contracts by the trustees is set up in the State College Contract Law (Ed. Code, § 25200 et seq.), which is a homologue of the State Contract Act. (Gov. Code, § 14250 et seq.) Appellant indeed concedes this, but challenges the constitutionality of the statutes. We hold that the legislation is constitutional because of the exception in article XXIV, section 4, subdivision (a)(8) of the Constitution.

Appellant contends that even if the employees of the state colleges be exempt under article XXIV, section 4, subdivision (a)(8), there must nevertheless be a factual finding that the work cannot be performed adequately by the state architect. The argument is taken from the *State Fund* case, *supra,* wherein it is stated that, although there is a field in which state agencies may enter into contracts with independent contractors, nevertheless it must be alleged that the services could not be performed satisfactorily by one (an attorney, in that case) selected under civil service. But this rule relates to an exception even within the classes of employees who are not exempt under the 16 classes set forth in article XXIV, section 4, subdivision (a). Thus, in *Burum* v. *State Comp. Ins. Fund,* 30 Cal.2d 575, 582 [184 P.2d 505], by reason of a unique set of facts, special counsel for the Fund could be employed, even though no constitutional exemption applied. But this second exception is irrelevant where there is the constitutional exemption from civil service. Exigency adds nothing to the constitutional grant. Exigency, therefore, need not be pleaded.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 15, 1965.